UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THOMAS J. CHISHOLM, III,

                        Plaintiff,

      -against-

PATRICK STRYKER, *et al.*,

                        Defendants.
-----------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
7/12/2022 3:34 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
22-CV-2705 (JMA) (SIL)

**AZRACK, United States District Judge:**

Before the Court are the in forma pauperis applications filed by Thomas J. Chisholm, III ("Plaintiff"). (ECF No. 8.)[1] For the reasons that follow, the applications to proceed in forma pauperis are denied without prejudice and with leave to renew upon completion of the AO 239 Long Form in forma pauperis application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $402.00 filing fee.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed in forma pauperis is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for in forma pauperis status is within the discretion

---

[1] On June 6, 2022, Plaintiff filed two in forma pauperis applications, each dated May 31, 2022, but with different responses to several of the questions. (See ECF No. 8, ¶¶ 2-3, 6, 8.)

of the district court.  DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)). The court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).

Plaintiff's applications to proceed in forma pauperis raise more questions than they answer. According to the information provided by Plaintiff, he is unemployed and has not received any income from any source in the past twelve months.  (ECF No. , ¶¶ 2-3.)  On one form he wrote that he receives "food cooked by family member at times" and on the other he enclosed a copy of his Supplemental Nutritional Assistance Program ("S.N.A.P.") card.  (Id. at ¶ 3.)  Plaintiff reports a negative balance in his savings or checking account and reports a 2007 Honda Accord as the only item of value he owns.  (Id. at ¶¶ 4-5.)  However, although Plaintiff reports car insurance and gas as expenses associated with that vehicle, he has omitted the monthly amount of such expenses.  (Id., ¶ 6.)  Curiously, Plaintiff does not report any other monthly expenses such as housing and utilities although he reports a residential address and telephone number on his complaint and amended complaint.  (Id., ¶ 6; Compl. ECF No. 1 at 1; Am. Compl. ECF No. at 7 at 1.)  Further, Plaintiff lists an individual who is dependent on him for support but has not included how much Plaintiff's contributes to his support.  (Id. at ¶ 7.)  Finally, in the space that asks for "any debt or financial obligations" owed and the amounts owed, Plaintiff wrote "No (old student loan $6,000)" on one form and "(1) old student loans, (2) promised to pay loved ones back and friends for all the help given to me."  (Id. ¶ 8.)

Thus, the Court finds that Plaintiff can best set forth his current financial position on the Long Form, it is denied without prejudice and with leave to renew on the Long Form within fourteen (14) days from the date of this Order.  Alternatively, Plaintiff may remit the $402.00

2

filing fee. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court shall mail a copy of this Order to the Plaintiff at his address of record.

**SO ORDERED.**

Dated: July 12, 2022
       Central Islip, New York

                                          /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE